UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RICKY MIXON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:12CV141 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Movant's petition for "writ of certiorari" is before the Court. Movant is an inmate at Pemiscot County Jail. For the reasons set forth below, the Court will grant movant thirty (30) days from the date of this Memorandum and Order either to withdraw the instant petition, or to consent to the Court's reclassification of the petition as one brought under 28 U.S.C. § 2255.

### Background

On May 9, 2012, movant pleaded guilty to a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. On August 13, 2012, the Honorable Stephen N. Limbaugh, Jr., sentenced movant to 120 months' imprisonment and

two years of supervised release.  See U.S. v. Mixon, 1:12CR8 (E.D. Mo.).  Movant filed a notice of appeal of his conviction on August 27, 2012.[1]

## Movant's "Writ of Certiorari"

In his petition for "writ of certiorari," movant appears to be alleging an ineffective assistance of counsel claim, asserting that the enhancement effect of his prior convictions, as discussed in the presentence investigation report, was never properly explained to him or objected to prior to sentencing.  Accordingly, movant asserts that his plea was unknowing and involuntary.  Movant claims that it was error to apply the sentencing enhancement argued for by the government, and he seeks resentencing without the enhancement effect of his prior convictions.

## Discussion

Before reclassifying the instant petition as a § 2255 habeas corpus action, this Court must afford movant the opportunity either to withdraw the petition or to consent to the Court's reclassification of the petition as a motion brought under 28 U.S.C. § 2255.  See Morales v. United States, 304 F.3d 764, 765 (8th Cir. 2002).

---

[1] It appears that movant's direct appeal may still be pending before the Eighth Circuit Court of Appeals. If, indeed, movant has a direct appeal currently pending, and movant intends to bring the current matter pursuant to 28 U.S.C. 2255, he should be warned that his § 2255 motion may have been prematurely filed, and therefore, may be subject to dismissal.  See Masters v. Eide, 353 F.2d 517, 518 (8th Cir.1965) (per curiam) ("[o]rdinarily resort cannot be had to 28 U.S.C.A. § 2255 or habeas corpus while an appeal from conviction is pending.").

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), this Court would simply have reclassified the instant action as arising under 28 U.S.C. § 2255. However, after enactment of the AEDPA, the Court's *sua sponte* reclassification of the instant action under § 2255 could deprive movant of the opportunity for effective collateral review in the future, because there are restrictions on the filing of second or successive habeas petitions.  Thus, if the Court reclassifies the instant action under § 2255, movant's subsequent filing of a § 2255 motion could be dismissed as second or successive.[2]  Cf. Morales, 304 F.3d at 765.  Consequently, before reclassifying the instant action as a § 2255 motion, the Court will offer movant an opportunity either to withdraw his petition or to consent to the Court's reclassification of the petition as a motion to vacate brought under 28 U.S.C. § 2255.

In accordance with the foregoing,

---

[2] Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitation period to petitions for writs of habeas corpus.

**IT IS HEREBY ORDERED** that movant shall be granted thirty (30) days from the date of this Memorandum and Order either to withdraw the instant petition for "writ of certiorari" or to consent to the Court's reclassification of the motion as one brought pursuant 28 U.S.C. § 2255.  Movant shall advise the Court of his choice, in writing.

**IT IS FURTHER ORDERED** that if movant decides to pursue this action under 28 U.S.C. § 2255, he shall file an amended motion to vacate on a court-provided form within thirty (30) days of the date of this Memorandum Order.

**IT IS FURTHER ORDERED** that the Clerk shall mail to movant a copy of the Court's form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

Dated this  29th  day of August, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE