UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RICKY MIXON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:12CV141 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

Before the Court is movant's response to the Court's August 29, 2012 Memorandum and Order.[1]  Because movant has failed to comply with the instructions set forth in the Court's Memorandum and Order, the Court will provide movant with an additional fourteen (14) days from the date of this Memorandum and Order to either withdraw his "petition for writ of certiorari" currently before the Court, or to consent to the Court's reclassification of the petition as one brought under 28 U.S.C. § 2255.[2] Movant's failure to take action or comply with this Court's Memorandum and Order will result in a dismissal of his case, without prejudice, pursuant to Fed.R.Civ.P. 41.

---

[1]Movant's response consists of the following question: "Am I able to file the first step direct appeal using the "Writ of Certiorari" as the layout for such appeal if indeed I don't already have one in the Eighth Circuit of Appeals?" The Court cannot provide movant with legal advice.

[2]If movant wishes to pursue this action under § 2255, he **must** file an amended motion to vacate on a court-provided form within fourteen (14) days of the date of this Memorandum and Order.  Movant's failure to do so will result in a dismissal of this action, without prejudice.

**Background**

On May 9, 2012, movant plead guilty to a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm.  On August 13, 2012, the Honorable Stephen N. Limbaugh, Jr., sentenced movant to 120 months' imprisonment and two years of supervised release.  See U.S. v. Mixon, 1:12CR8 (E.D. Mo.).  Movant filed a notice of appeal of his conviction on August 27, 2012.[3]

**Movant's "Writ of Certiorari"**

In his petition for "writ of certiorari" currently before the Court, movant appears to be alleging an ineffective assistance of counsel claim, asserting that the enhancement effect of his prior convictions, as discussed in the presentence investigation report, was never properly explained to him or objected to prior to sentencing.  Accordingly, movant asserts that his plea was unknowing and involuntary.  Movant claims that it was error to apply the sentencing enhancement argued for by the government, and he seeks resentencing without the enhancement effect of his prior convictions.

**Discussion**

---

[3]It appears that movant's direct appeal may still be pending before the Eighth Circuit Court of Appeals. If, indeed, movant has a direct appeal currently pending, and movant intends to bring the current matter pursuant to 28 U.S.C. 2255, he should be warned that his § 2255 motion may have been prematurely filed, and therefore, may be subject to dismissal.  See Masters v. Eide, 353 F.2d 517, 518 (8th Cir.1965) (per curiam) ("[o]rdinarily resort cannot be had to 28 U.S.C.A. § 2255 or habeas corpus while an appeal from conviction is pending.").

As noted in the Court's prior Memorandum and Order, before reclassifying the instant petition as a § 2255 habeas corpus action, this Court afforded movant the opportunity either to withdraw the petition or to consent to the Court's reclassification of the petition as a motion brought under 28 U.S.C. § 2255.  See Morales v. United States, 304 F.3d 764, 765 (8th Cir. 2002).  However, movant failed to either withdraw his petition or consent to the Court's reclassification.

Consequently, before reclassifying the instant action as a § 2255 motion, the Court will again offer movant an opportunity either to withdraw his petition or to consent to the Court's reclassification of the petition as a motion to vacate brought under 28 U.S.C. § 2255.  However, as movant has already been provided more than thirty (30) days to consent to the reclassification, the Court will provide movant a shortened time-period of fourteen (14) days from the date of this Memorandum and Order to either withdraw the instant petition for "writ of certiorari" or consent to the Court's reclassification of the motion as one brought pursuant 28 U.S.C. § 2255.  If movant wishes to pursue the instant action as a § 2255, he **must** also file an amended motion to vacate on a court-provided form within fourteen (14) days of the date of this Memorandum and Order.  His failure to do so will result in a dismissal of this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that within fourteen (14) days from the date of this Memorandum and Order, movant must either withdraw the instant petition for "writ of certiorari" or consent to the Court's reclassification of the motion as one brought pursuant 28 U.S.C. § 2255. Movant shall advise the Court of his choice, in writing.

**IT IS FURTHER ORDERED** that if movant decides to pursue this action under 28 U.S.C. § 2255, he **must** file an amended motion to vacate on a court-provided form within fourteen (14) days of the date of this Memorandum Order.

**IT IS FURTHER ORDERED** that movant's failure to file an amended motion to vacate within fourteen (14) days of the date of this Memorandum and Order will result in a dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall mail to movant a copy of the Court's form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

Dated this <u>10th</u> day of October, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE